# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IRA B. HARRIS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:05-CV-1086-JCH |
| CHUCK DWYER, | ) |
| Respondent. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ira B. Harris (registration no. 44990), an inmate at the Southeast Correctional Center ("SECC"), for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### The petition

Petitioner claims that he is unlawfully held at SECC and seeks release from his present confinement and return to Fulton State Hospital. Petitioner states that the Calloway County Court committed him to Fulton State Hospital but that, in violation of his constitutional rights under the Eighth and Fourteenth Amendments, two weeks after being admitted at Fulton State Hospital, he was transported to the Department of Corrections and Human Resources, Potosi Correctional Center. Petitioner states that he is a chronic paranoid schizophrenic and has been treated with major psychotrophic drugs for this mental illness. Petitioner asserts that, at SECC, he has been deprived of appropriate mental health care and of drugs. According to petitioner, said denial of care and drugs has resulted in his being a danger to himself and to others.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**Discussion**

Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed. Title 28 U.S.C. § 2254 requires that petitioner exhaust his available state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1). There is no indication on the face of the application that petitioner has even presented his claim to the state courts. Petitioner does not contend that there is an absence of available state remedies. Nor does petitioner assert that circumstances exist that render such state remedies ineffective to protect his rights. Therefore, the instant petition should be dismissed, without prejudice, because petitioner has failed to exhaust his available state remedies.

Insofar as the instant petition appears to challenge petitioner's conditions of confinement, the Supreme Court has held that the writ of habeas corpus can be used to challenge allegedly unconstitutional conditions of confinement. *See Johnson v. Avery*, 398 U.S. 483 (1969). Equally, petitioner could have challenged his conditions of confinement under 42 U.S.C. § 1983. However, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for incidents that injured plaintiff). Petitioner has failed to assert any facts indicating that defendant Dwyer, who is the superintendent of the SECC, was directly involved in or personally responsible for the alleged violations of his constitutional rights. Therefore, had the Court construed the instant petition as seeking relief pursuant to § 1983, petitioner's claims against this defendant still must be dismissed pursuant to 28 U.S.C. § 1915A.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the petition because petitioner has not exhausted his available state remedies. *See* 28 U.S.C. § 2254(b)(1).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus be **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel [Doc. 2] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's motion for temporary restraining order [Doc. 3] be **DENIED**.

An appropriate order shall accompany this memorandum and order.

Dated this 15th day of July, 2005.

    /s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com